

**SO ORDERED.**

**SIGNED this 21 day of December, 2010.**

ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

___

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOE T. WASHBURN, | ) | Case No. 03-16208 |
| JANIS R. WASHBURN, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JOE T. WASHBURN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 10-5068 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff and debtor Joe Washburn brought this adversary complaint for a determination that

1

the United States, acting through the Internal Revenue Service (IRS), has been paid in full on its claim filed in Washburn's bankruptcy case and that further collection by the IRS is enjoined by the debtor's discharge entered in his bankruptcy case. The parties stipulated to the facts that govern this matter and submitted briefs.[1] After careful review of the stipulated facts, the exhibits, and the briefs, the Court is prepared to rule.[2]

Jurisdiction

The parties have stipulated that this Court has jurisdiction of this core proceeding and may determine the extent and effect of its prior discharge order.[3]

Facts

Joe Washburn owned Wascot, Inc., a corporation that filed for chapter 11 relief in this Court in 2003.[4] Following the sale of Wascot's assets, Washburn filed his own Chapter 11 case here on November 12, 2003. The IRS was a creditor in Washburn's case because Washburn owed Trust Fund Recovery Penalties ("TFRP") for withholding taxes not paid or reported by Wascot.[5] Washburn's bankruptcy case converted to a chapter 7 liquidation on December 23, 2005 and a trustee was appointed for Washburn's bankruptcy estate.

The IRS filed a timely proof of claim asserting an unsecured priority claim of $177,000 for taxes or penalties owed to a governmental unit under 11 U.S.C. § 507(a)(8). The claim sought $-0-

---

[1] Adv. Dkt. 15, 20 and 21.

[2] The debtor and plaintiff Joe Washburn appeared by his counsel Christopher W. O'Brien. The IRS appeared by Brian D. Sheern, Assistant United States Attorney.

[3] *See also,* 28 U.S.C. § 157(b)(1) and (2)(A), (O) and § 1334(b).

[4] Case No. 03-16209.

[5] 26 I.R.C. § 6672.

2

in interest. This claim was amended in March of 2005 and allowed in the amount of $177,373.47 for TFRPs.[6] All of the TFRPs under I.R.C. § 6672 were assessed by the IRS on August 2, 2004 and interest began to run on that date. At no time did the IRS file a claim for interest on the TFRP. Debtor received a discharge on August 4, 2006.

The Trustee filed a final report in Washburn's bankruptcy case that provided for a distribution that would pay the IRS claim in full.[7] The Court authorized that distribution and, on July 11, 2008, the IRS received $177,373.47. On October 4, 2008, the IRS issued its notice of intent to levy on assets for the post-petition interest, which by that time amounted to some $58,818.55 and represented the accrual of interest on the TFRP from August 2, 2004 until July 11, 2008. The debtor now argues that the IRS should be prevented from collecting the interest because it did not file a claim for it and there may have been funds in the estate to pay it. The IRS responds that it could not have filed a claim for the interest that accrued post-petition and that, in any event, interest on a non-dischargeable tax obligation is excepted from discharge by operation of § 523(a)(1).

Analysis

Washburn's TFRP debt was excepted from his discharge by 11 U.S.C. § 523(a)(1)(A).[8] That subsection excepts from discharge any tax debt that is accorded priority under § 507(a)(8). Section 507(a)(8), in turn, grants an eighth priority to–

allowed unsecured claims of governmental units, only to the extent that such claims

---

[6] The TFRP claim was for the quarters ending September 30 and December 31 of 2002, March 31, June 30, and September 30 of 2003 and the period October 1, 2003 - November 12, 2003.

[7] No. 03-16208, Dkt. 169.

[8] Section 523(a)(1)(A) excepts such tax debt, "whether or not a claim for such tax was filed or allowed."

3

are for–

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

* * *

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (4) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

* * *

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

* * *

Withholding taxes are to be collected by employers from their employees and held in trust for the IRS. The debtor was liable for them as Wascot's responsible officer.[9] Penalties for failing to collect and hold the trust funds clearly fall within subsection (G) above. Section 6672 of the Internal Revenue Code is such a penalty. Thus, there is no question that the TFRP debt was excepted from the debtor's discharge.

Whether interest on those penalties is likewise excepted has been settled by the United States Supreme Court in *Bruning v. United States*.[10] In *Bruning*, the Supreme Court held that although post-petition interest on a nondischargeable tax debt could not be paid by the bankruptcy estate, it accrued during the pendency of the case and became a personal liability of the debtor when the

---

[9] I.R.C. § 6672, the Internal Revenue Code provision known as the Trust Fund Recovery Penalty, may be assessed against an officer or employee of a corporation who is found to be a "responsible person" and who willfully failed to pay over the trust fund taxes. *See Taylor v. Internal Revenue Service,* 69 F.3d 411 (10th Cir. 1995); *Finley v. United States,* 82 F.3d 966 (10th Cir. 1996); *Denbo v. United States,* 988 F. 2d 1029 (10th Cir. 1993).

[10] 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed. 2d 772 (1964).

4

bankruptcy was concluded.[11] The Court reasoned that because Congress excepted the tax debt from discharge, it "clearly intended that personal liability for unpaid tax debts survive bankruptcy.[12] Although *Bruning* was decided under the Bankruptcy Act, its continued vitality after the enactment of the Bankruptcy Code has been affirmed by several circuits, including the Tenth Circuit.[13] In *Fullmer v. United States,* the Tenth Circuit Court of Appeals held that accrued post-petition interest on a nondischargeable pre-petition tax debt survives bankruptcy as a personal liability of the debtor.[14] The interest on Washburn's TFRP was therefore also excepted from the discharge he received in this case.

Debtor's argument that the IRS could have filed a further claim for the interest and participated in the estate's distribution is simply not correct. The IRS could not have filed a claim for the interest in this case because the interest accrued post-petition. Section 502(b)(2) provides for the allowance of claims "as of the date of filing" except to the extent that they are for "unmatured interest." This case was filed in 2003, but was not converted until December 23, 2005. While the conversion changed the date of the order for relief for some purposes, the date of filing was unchanged.[15] Accordingly, all of the interest in question was "unmatured" for the purpose of

---

[11] 376 U.S. at 361.

[12] *Id.*

[13] *See Fullmer v. United States (In re Fullmer)* 962 F.2d 1463, 1468 (10th Cir.1992), *abrogated on other grounds, Raleigh v. Ill. Dept. of Revenue* 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *In re Johnson*, 146 F.3d 252, 260 (5th Cir. 1998); *In re Burns,* 887 F.2d 1541, 1543 (11th Cir. 1989); *In re Hanna,* 872 F.2d 829, 830-31 (8th Cir. 1989).

[14] 962 F.2d at 1468.

[15] *See* 11 U.S.C. § 348(a). Conversion constitutes an order for relief under the converted-to chapter, but does not "effect a change in the date of the filing of the petition" except

5

allowing the IRS's claim.[16] A claim filed for payment of that interest would have been subject to the trustee's objection and likely would not have been allowed. The Tenth Circuit has held as much in *In re Tuttle*.[17] There, the individual chapter 11 debtor sought to enforce her discharge to keep the IRS from collecting interest that had accrued between the date of filing and the date her chapter 11 plan was confirmed.[18] The Circuit concluded that the gap interest was not dischargeable and that the debtor remained personally liable for it. Because the IRS was precluded by § 502(b)(2) from collecting interest that had not matured at the date of filing, the chapter 11 discharge did not insulate it from post-confirmation or post-discharge collection. The Circuit expressly rejected Tuttle's assertion that the IRS should be estopped from collecting the interest or that the bankruptcy court could exercise its equitable powers under § 105 to prevent the collection.[19]

Conclusion

The post-petition interest that accrued on the TFRP arose out of a non-dischargeable debt

---

as specified in § 348(b) and (c). Section 502 is not among the sections catalogued in § 348(b) or (c). Thus, this claim would have been allowed as of the original filing date. The Court notes that were this debt otherwise dischargeable, the operation of § 727(b) would discharge that portion of it that accrued before the conversion date because § 348(b) provides that the order for relief in a converted case is the date of the conversion for § 727(b)'s purposes. That section defines the temporal scope of a chapter 7 discharge to include all debts "that arose before the date of the order for relief under this chapter." As this debt is excepted from discharge on other grounds, § 727(b) affords the debtor no relief here.

[16] The interest on the TFRP was for the period August 2, 2004 to July 11, 2008.

[17] 291 F.3d 1238, 1244 (10th Cir. 2002) (IRS could not claim gap interest in a chapter 11 case).

[18] Prior to the enactment of BAPCPA in 2005 under former § 1141(d), individual chapter 11 debtors received a discharge on the date of confirmation.

[19] 291 F.3d at 1244-45 (The debtor's equitable arguments cannot overcome the plain language of the Code)

and is therefore itself not dischargeable.  Even had the IRS filed a proof of claim for the unmatured interest, that claim would have been disallowed by § 502(b)(2).  While the circumstances of Washburn's case are unfortunate, this Court has no power to override statutory provisions or settled authority in this Circuit to effectuate debtor's requested remedy.[20]  Judgment must therefore be entered for the United States DENYING plaintiff's complaint, each party to bear its own costs.  A judgment on decision will issue this day.

# # #

---

[20] The Court also notes that its examination of the Trustee's Final Account (No. 03-16208, Dkt. 178), reveals a dividend to the unsecured creditors of only $16,946.29, far less than would have been necessary to liquidate the IRS's $58,000 interest claim.  Thus, even if the IRS had filed a claim for interest that was allowed, the debtor would still be "on the hook" for a substantial amount of money, none of which is subject to discharge.